UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEAN PAUL RUHOSHA,<br><br>              Plaintiff,<br><br>       v.<br><br>MAINE MEDICAL CENTER, *et al.*,<br><br>              Defendants. | Civil Action No. 23-2218 (JMC) |

### **MEMORANDUM OPINION**

Plaintiff Jean Paul Ruhosha, proceeding pro se, filed a civil Complaint against Maine Medical Center and Medstar Georgetown University Hospital.[1] Amongst other allegations, Mr. Ruhosha claims that Defendants denied him the right to medical treatment, knowingly and purposely infected him with a deadly disease, and sent third parties to poison him. ECF 1 at 1. For the reasons described below, the Court DISMISSES the Complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . ." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

"bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Here, Mr. Ruhosha alleges that his doctors "knew that [he] had hepatitis C and early signs of diabetes" but colluded to "deliberately misdiagnose[]" him so that he would succumb to those illnesses. ECF 1 ¶¶ 15, 29. Mr. Ruhosha also alleges that his doctors deliberately "poisoned [his] blood and infected [him] with a deadly disease that would gradually lead to [his] death," *id.* ¶ 14, then contacted an acquaintance to "seduce" and "poison" him, *id.* ¶ 10. Finally, Mr. Ruhosha alleges that—in addition to the conspiracy against him personally—doctors working for Defendants also conspired to intentionally misdiagnose and deny treatment to his mother, *id.* ¶ 64–68, his daughter, *id.* ¶¶ 70–71, his son, *id.* ¶¶ 73–74, and his brother, *id.* ¶ 77, and to murder the grandfather of his children, who was in Rwanda at the time, *id.* ¶ 76. Mr. Ruhosha seeks 300 million dollars in compensation for his injuries. *Id.* at 2.

These are precisely the kind of "fanciful" allegations that do not state a substantial federal question. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Accordingly, upon sua sponte review, this action is dismissed.

**SO ORDERED.**

DATE: August 9, 2023

 

_____
Jia M. Cobb
U.S. District Court Judge