UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN PAUL RUHOSHA,<br><br>          Plaintiff,<br><br>v.<br><br>MAINE MEDICAL CENTER, *et al.*,<br><br>          Defendants. | Civil Action No. 23-2218 (JMC) |

## MEMORANDUM OPINION

Plaintiff Jean Paul Ruhosha filed this lawsuit against Defendants Maine Medical Center (Maine Medical) and MedStar Georgetown University Hospital (MedStar) on August 1, 2023. ECF 1. The Court initially dismissed the complaint, sua sponte, on August 9, 2023, finding that Mr. Ruhosha's claims did not present a substantial federal question. ECF 4. But the Court later granted Mr. Ruhosha's motion to reconsider that order because Plaintiff is pro se and made representations that he had additional information to provide the Court regarding his claims. Min. Order 9/8/23. The Court ordered that Mr. Ruhosha file a new complaint and instructed him that any new filing must "clearly identify the grounds for the [Court's] jurisdiction, the legal claims alleged, and the relief sought." *Id.* The Court gave Mr. Ruhosha 30 days to refile his complaint, making the deadline for his amended complaint October 10, 2023. *Id.*

Mr. Ruhosha did not file a new complaint. Nonetheless, he represents that he served Defendants. *See* ECF 8 (reflecting service on Maine Medical on August 8, 2023); *see also* ECF 14 (reflecting service on MedStar on November 28, 2023). Defendants appeared and now move to dismiss the case on various grounds, including lack of jurisdiction and failure to state a claim. ECF 19; ECF 31. The Court grants Defendants' motions.

1

**Plaintiff's Claims Against Maine Medical are Dismissed**

This Court it is not satisfied that it has personal jurisdiction over Defendant Maine Medical, so all claims against it are dismissed under Federal Rule of Civil Procedure 12(b)(2). The Court can exercise one of two kinds of personal jurisdiction: (1) "general or all-purpose jurisdiction" or (2) "specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists where a defendant's contacts with the forum "State are so continuous and systemic as to render them essentially at home in the forum State." *Id.* Under this standard, a corporation's "home" is its "place of incorporation and principal place of business." *Id.*; *see* D.C. Code § 13–422. On the other hand, a court has specific personal jurisdiction where "jurisdiction over the defendant is authorized by the forum's long-arm statute" and the court finds that "the exercise of that jurisdiction satisfies the federal requirement of constitutional due process." *Xie v. Sklover & Co., LLC*, 260 F. Supp. 3d 30, 39 (D.D.C. 2017). Under the District of Columbia's long arm statute, a "court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13–423(a)(1). The statute also authorizes jurisdiction over a person, or their agent, who causes tortious injury in the District of Columbia by an act taken in D.C., or by an act taken outside of D.C. by a person who regularly does business within D.C. *Id.* § 13–423(a)(2)–(3). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, it is Mr. Ruhosha who bears the burden of "establishing a factual basis for the [Court's] exercise of personal jurisdiction over the defendant." *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990) (citing *Reuber v. United States,* 750 F.2d 1039, 1052 (D.C. Cir. 1984), *overruled on other grounds by Kauffman v. Anglo-Am. Sch. of Sofia,* 28 F.3d 1223, 1226 (D.C. Cir. 1994)).

Mr. Ruhosha does not meet his burden to demonstrate that the Court possesses either general or specific jurisdiction over Maine Medical. He represents that Maine Medical is in Portland, Maine, ECF 1 at 1, but nowhere in his filings does Mr. Ruhosha allege that Maine Medical is incorporated in or has its principal place of business in D.C. To the contrary, Maine Medical confirms that it is located and headquartered in Maine. ECF 31 at 5. Plaintiff also does not make any allegation that Maine Medical has sufficient minimum contacts in D.C. to render it "essentially at home" in this forum. *Goodyear*, 564 U.S. at 919. And Mr. Ruhosha's complaint alleges no conduct by Maine Medical that he claims occurred in D.C. or provides any information establishing that Maine Medical regularly does or solicits business, or otherwise engages in any activity, in D.C.[1] His argument that the Court has personal jurisdiction over Maine Medical because it allegedly retained him as a patient after he relocated to D.C., ECF 33 at 3, is insufficient. Because he provides no basis on which this Court can find it has personal jurisdiction over Maine Medical, the Court dismisses Maine Medical from this case.

**Plaintiff's Claims Against MedStar are Dismissed**

The claims against MedStar must also be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 572 U.S. 744, 757–58 (2014) (quoting *Iqbal*, 556 U.S. at 678). Although "detailed factual allegations" are not required to withstand a

---

[1] In his opposition, and for the first time, Mr. Ruhosha seems to suggest that Maine Medical hired someone to "poison" him on July 5, 2021, in Washington, D.C. ECF 33 at 3. In the complaint, Mr. Ruhosha seems to claim that Maine Medical attempted to "poison" him in 2016, and that he later found out about this conduct from "whistleblowers" in early 2020. ECF 1 ¶ 14. The Court is not sure what event Mr. Ruhosha is describing in his opposition. Even liberally construing the complaint and his subsequent filings, and assuming that Mr. Ruhosha is attempting to allege a new incident that occurred in 2021, he has not provided enough clarity about this allegation to meet his burden to establish jurisdiction. Nor can the Court discern whether this is a new claim that he is trying to bring, what type of claim it is, or if the claim is timely (because the Court does not know what the claim is). And even if Mr. Ruhosha found out about the 2016 poisoning when he was in D.C., that does not confer personal jurisdiction.

3

Rule 12(b)(6) motion, a complaint must "nudge[ ] [the] claims across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 555, 570. "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

Mr. Ruhosha's claims suffer from many deficiencies that make dismissal appropriate. For one, Mr. Ruhosha sues MedStar for a battery that he claims happened on January 15, 2021, but the statute of limitations for that claim ran on January 15, 2022, well before he filed this suit. *See* D.C. Code § 12-301(a)(4) (setting statute of limitations for battery at one year).[2] To the extent he is bringing claims for medical malpractice, he was required to notify MedStar of his intent to bring such an action "not less than 90 days prior to filing the action." D.C. Code § 16-2802(a). He does not dispute that he failed to provide such notice here. He also sues for the wrongful death of his mother that occurred on October 18, 2020, but that statute of limitation ran on October 18, 2022, also before the filing of this suit. *See* D.C. Code § 16-2702 (setting statute of limitations for negligent death of another at two years). Nor does he identify how he is authorized to bring a suit on behalf of the estate of his mother, or any of the family members identified in his complaint that he claims have been harmed by MedStar.

And that brings the Court back to where it was six months ago, when the Court gave Mr. Ruhosha the opportunity to file a new complaint to address the attenuated factual allegations that the Court identified in its initial order dismissing this case. Min. Order 9/8/23. Mr. Ruhosha chose not to file a new complaint that clearly identified his claims or the basis for the Court's jurisdiction. So, the Court is left with Plaintiff's allegations that MedStar deliberately "poisoned [his] blood and infected [him] with a deadly disease that would gradually lead to [his] death," ECF 1 ¶ 14, and

---

[2] At least the Court thinks that the claim may be for a battery. Mr. Ruhosha did not comply with the Court's order to file a new complaint that identified the claims he was bringing in this case, so the Court is left to make its best guess.

4

then contacted an acquaintance to "seduce" and "poison" him, *id*. ¶ 10. He also alleges that MedStar doctors conspired to intentionally misdiagnose and deny treatment to his mother, *id*. ¶ 64–68, his daughter, *id*. ¶¶ 70–71, his son, *id*. ¶¶ 73–74, and his brother, *id*. ¶ 77, and to murder the grandfather of his children, who was in Rwanda at the time, *id*. ¶ 76, with no factual allegations to explain what happened to his family members, any connection between MedStar and Rwanda, or a legal basis for him to pursue these claims on behalf of other family members. Mr. Ruhosha seeks 300 million dollars in compensation for these purported injuries. ECF 1. Mr. Ruhosha did not take the Court up on the opportunity to refile his complaint, but considering the other legal defects warranting dismissal, it would be futile to give him another chance to amend.

As such, the Court **ORDERS** that the Defendants' Motions to Dismiss, ECF 19; ECF 31, are **GRANTED**. A separate order accompanies this opinion.

**SO ORDERED**.

DATE: March 28, 2024

                                                                                           Jia M. Cobb
                                                                              U.S. District Court Judge